```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION
```

| | |
|---|---|
| FINAS WELLS, | |
| Plaintiff, | |
| vs. | No. 05-2193-B/P |
| HUDAK AND DAWSON CONSTRUCTION CO., | |
| Defendant. | |

ORDER GRANTING LEAVE TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

On March 7, 2005, plaintiff Finas Wells filed this complaint, accompanied by an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. The motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED. Plaintiff sues Hudak and Dawson Construction Company, which is apparently located in Marshall County, Mississippi. Wells previously sued this defendant in Case No. 01-2876-G/Bre, seeking four thousand dollars ($4000) that was garnished from his wages in 1998. The case was dismissed for lack of jurisdiction. <u>See</u> <u>Wells v. Hudak and Dawson</u>, No. 01-2876-G/Bre (W.D. Tenn. Dec. 26, 2001). Wells now contends that the company did not properly pay a garnishment of eight hundred twenty dollars($820) which he owed to another company. He

seeks an order putting "the defendant in the penitentiary" and fifteen thousand dollars ($15,000) in compensatory damages.

As an initial matter, this court must decide if it has jurisdiction of this controversy. Federal courts are courts of limited jurisdiction. Finley v. United States, 490 U.S. 545, 547-48 (1989); Aldinger v. Howard, 427 U.S. 1, 15 (1976); Stillman v. Combe, 197 U.S. 436 (1905); Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799). Federal courts are obliged to act sua sponte whenever a question concerning jurisdiction arises. See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 at 70 (1984). A district court is obliged to review its own jurisdiction sua sponte. Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir. 1989) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)). "Rule 12(h)(3) provides that a court shall dismiss an action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter.' Fed. R. Civ. P. 12(h)(3)." Id. This court must identify some basis for jurisdiction over this case.

Plaintiff has filed his complaint on the court's standard form for civil rights violations under 42 U.S.C. § 1983. However,"[a] § 1983 plaintiff may not sue purely private parties." Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999). Thus, "[i]n order to be subject to suit under § 1983 claim, defendant's actions must

be fairly attributable to the state." <u>Collyer v. Darling</u>, 98 F.3d 211, 231-32 (6th Cir. 1997).  In this case, the sole defendant is apparently a private corporation, and the complaint sets forth no basis for imputing its actions to the state.  In the absence of state action, then, plaintiff has failed to state a claim under 42 U.S.C. § 1983.

Furthermore, private individuals may not commence federal criminal prosecutions by obtaining a criminal warrant or by filing a civil suit.

> Private citizens generally have no standing to institute federal criminal proceedings. <u>See</u> <u>Keenan v. McGrath</u>, 328 F.2d 610, 611 (1st Cir. 1964).  As the court explained in <u>Bass Angler Sportsman Soc'y v. United States Steel Corp.</u>, 324 F. Supp. 412, 415 (S.D. Ala. 1971)(citations omitted), <u>aff'd</u>, 447 F.2d 1304 (5th Cir. 1971):
>
>> Criminal statutes cannot be enforced by civil actions. Serious constitutional problems are encountered in any attempt to impose criminal sanctions  by way of civil procedures.
>>
>> Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these  sanctions.  It has been repeatedly held that the Executive Branch through the Justice Department and U.S. Attorneys is charged with enforcement of federal criminal law and in this area has broad discretion in determining whether or not to prosecute. In the exercise of such discretion U.S. Attorneys are immune from control or interference through mandamus or otherwise by private citizens or by courts.

<u>Winslow v. Romer</u>, 759 F. Supp. 670, 673-74 (D. Colo. 1991).

This court also does not have jurisdiction over this action based on the amount sought by Wells. This court has subject matter jurisdiction over actions between citizens of different states only if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Neither the amount of compensatory damages sought, $15,000, or the actual amount in controversy, $820, is sufficient to invoke the court's original jurisdiction.

Accordingly, this case is DISMISSED, pursuant to Fed. R. Civ. P. 12(h), for lack of subject matter jurisdiction.

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2nd Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in

this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Serv., 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case.

If plaintiff files a notice of appeal, he must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.  The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days of the filing of the notice of appeal or the entry of this Order, whichever occurred later, the district court will notify the Sixth Circuit Court of Appeals, who will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  McGore, 114 F.3d at 610.

IT IS SO ORDERED this 28th day of February, 2006.

s/J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE